

**Shapiro Arato Bach** LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

May 4, 2026

<u>VIA ECF</u>

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

> Re: *In Re: Petition of One Taste, Inc.*, No. 25-1721 ("*OneTaste*") and *United States v. Cherwitz & Daedone*, Nos. 26-943(L), 26-944(CON) ("*Cherwitz & Daedone*")

Dear Ms. Wolfe:

Appellants Rachel Cherwitz and Nicole Daedone write in response to this Court's March 17, 2026 Order in *OneTaste* directing the parties to inform this Court whether *Cherwitz & Daedone* should be heard in tandem with *OneTaste*. Dkt.79-80, No. 25-1721. The appeals should be heard in tandem for the following reasons.

*First*, doing so would be more efficient and allow for a fuller development of the complicated questions at issue. There is significant factual and legal overlap between *OneTaste* and *Cherwitz & Daedone*. Both appeals concern the exact same privileged materials and the government's use of those materials to develop its case against Cherwitz and Daedone. Indeed, the government has argued in *OneTaste* that "[it] is obvious that the [privileged materials] will be part of any [criminal] appeal" and that it needs these materials "to respond to any appellate arguments" defendants may make about them. Dkt.67 at 53-54. It is thus sensible and would conserve judicial resources to have one panel decide these appeals together, rather than having the same issues heard consecutively by two separate panels. Moreover, having a single panel hear both appeals at the same time will ensure the panel has the full benefit of briefing by Cherwitz and Daedone, particularly on the privilege issues, and the complete factual record relating to the government's mishandling and misuse of the materials developed in both *OneTaste* and *Cherwitz & Daedone*.

*Second*, and relatedly, separating the appeals would pose a severe risk of prejudicing Cherwitz and Daedone. If this Court rules against the company in *OneTaste* without the benefit of the individual defendants' briefing or a complete picture of the criminal case record, the defendants could be deprived of a full and fair opportunity to raise the privilege issues in their appeal. For example, an adverse decision against the company could foreclose Cherwitz's and Daedone's privilege arguments and deprive them of the ability to present their perspective on the government's mishandling of the materials and the legal consequences of those facts. Moreover,

Catherine O'Hagan Wolfe
May 4, 2026

the government contends there would be no prejudice because the company is the only privilege holder, Ltr.2, but ignores that this is a disputed issue that will be before the Court in *Cherwitz & Daedone*, and that defendants contend they are also privilege holders. The government's contention that the privileged materials are "unlikely to play more than a peripheral role, if any" in *Cherwitz & Daedone* because they weren't introduced at trial, Ltr.2, is also false. The defendants' claim on appeal is not a challenge to an evidentiary ruling. It is a challenge to the district court's ruling denying their motions to dismiss the indictment, or at minimum, hold a *Kastigar* hearing.

*Third*, by contrast, hearing the appeals in tandem would not prejudice the government at all. The government's purported concern that hearing the appeals together would lead to "practical complications" and "operational challenges" is baseless. Ltr.1-2. The separate government teams handling *OneTaste* and *Cherwitz & Daedone* can continue to do so while maintaining whatever separation currently exists. The "filter team" that briefed *OneTaste* could still argue that appeal, and the "prosecution team" could still brief and argue *Cherwitz & Daedone*—just as they would if the appeals are argued separately. Any complications or challenges are entirely of the government's own making. Its own failure to implement a "filter team" immediately upon its receipt of the materials is what caused the problems being litigated in both appeals, and provides no reason to deprive the defendants of the efficiencies and benefits of having a single panel hear the appeals together.

Sincerely,

/s/ Alexandra A.E. Shapiro
Alexandra A.E. Shapiro

cc:     All Counsel (via ECF)